**BROWN & CONNERY LLP**
Kathleen E. Dohn, Esq.
Therese M. Taraschi, Esq.
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER FENTON<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC. d/b/a DOLLAR TREE,<br><br>Defendant. | Civil Action No. 3:22-CV-0002-MEM |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN FURTHER SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

7N03927.DOCX

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ........................................................................................................1

LEGAL ARGUMENT ..................................................................................................1

    I.    LEGAL STANDARD ...........................................................................1

    II.   PLAINTIFF FAILS TO IDENTIFY ANY NEW ISSUES/ARGUMENTS RAISED FOR THE FIRST TIME IN DOLLAR TREE'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NOR HAS SHE SPECIFIED ANY FACTS WHICH REQUIRE CLARIFICATION ........................3

CONCLUSION ..............................................................................................................7

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

Carpenter v. Kaiser Permanente, No. 1:04 cv 1689, 2006 U.S. Dist. LEXIS 69564, at *1, 14 (N.D. Ohio Sep. 27, 2006) .................................................................................. 3

Crooker v. Tessitore, No. 3:20-cv-01695, 2022 U.S. Dist. LEXIS 5584, at *1 (M.D. Pa. Jan. 11, 2022) ....................................................................................................... 2

Curry v. Neumann, 13 Fla. L. Weekly Fed. D 344 (U.S. S.D. Fla. 2000) ...................................... 4

Dittle v. United States Postal Serv., No. 04- 146 (PAM/RLE), 2005 U.S. Dist. LEXIS 1487, at *25 (D. Minn. Feb. 2, 2005) .................................................................. 4

Gentry v. Sikrosky Aircraft Corp., No. 18-1326, 2018 U.S. Dist. LEXIS 204786, 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018) .............................................. 2

Gulan v. FRB of Cleveland, No. 1:01 CV 1784, 2003 U.S. Dist. LEXIS 15749, at *5-6 (N.D. Ohio July 31, 2003) ........................................................................................... 3

Levey v. Brownstone Inv. Grp., LLC, 590 F. App'x 132, 137 (3d Cir. 2014) ............................... 1

Mallory v. Wells Fargo Bank, N.A., No. 3:19-CV-744, 2021 U.S. Dist. LEXIS 239086, at *6, 5-6, 5-7 (M.D. Pa. July 20, 2021) ................................................................. 1,2,6

NorFab Corp. v. Travelers Indem. Co., 55 F. Supp.2d 505, 513 (E.D. Pa. 2008) ......................... 2

SmithKline Beecham Corp. v. Apotex Corp., 383 F.Supp.2d 686, 688 (E.D. Pa. 2004) ............... 2

Souffrant v. Hyrowich, No. 07-cv-4475, 2009 U.S. Dist. LEXIS 149681, 2009 WL 10737145, at *2 n.2 (E.D. Pa. May 4, 2009) .............................................................. 2

## **RULES**

M.D.Pa. L.R. 7.7 ............................................................................................................................ 1

## INTRODUCTION

Plaintiff seeks leave to file a sur-reply brief in further support of her Opposition to Dollar Tree's Motion for Summary Judgment. For the reasons set forth fully below, Plaintiff's request should be denied because she has not pointed to any new issues raised in Dollar Tree's Reply Brief that require additional argument nor has specified any facts that require clarification.

## ARGUMENT

### I. LEGAL STANDARD

"Middle District of Pennsylvania Local Rule 7.7 provides that no further briefs, beyond a movant's reply brief, may be filed without leave of court." Mallory v. Wells Fargo Bank, N.A., No. 3:19-CV-744, 2021 U.S. Dist. LEXIS 239086, at *6 (M.D. Pa. July 20, 2021) (citing M.D.Pa. L.R. 7.7).[1] "Permission for leave to file a sur-reply is a matter 'committed to the District Court's sound discretion.'" Id. (citing Levey v. Brownstone Inv. Grp., LLC, 590 F. App'x 132, 137 (3d Cir. 2014)). Courts within the Third Circuit "have found that sur-rely briefs are seldom necessary, and that they are appropriate only where a party seeks to respond to an argument raised for the first time by an opposing party." Id. (citing Gentry v. Sikrosky Aircraft Corp., No. 18-1326, 2018 U.S. Dist. LEXIS 204786, 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018) (quoting NorFab Corp. v. Travelers Indem. Co., 55 F. Supp.2d 505,

---

[1] A true and accurate copy of all unpublished cases are attached hereto.

1

513 (E.D. Pa. 2008)). Conversely, "other courts have granted leave to file a sur-reply brief when the brief was helpful in resolving the issues presented in the case." Id. (citing Souffrant v. Hyrowich, No. 07-cv-4475, 2009 U.S. Dist. LEXIS 149681, 2009 WL 10737145, at *2 n.2 (E.D. Pa. May 4, 2009) (citing SmithKline Beecham Corp. v. Apotex Corp., 383 F.Supp.2d 686, 688 (E.D. Pa. 2004)). See also Crooker v. Tessitore, No. 3:20-cv-01695, 2022 U.S. Dist. LEXIS 5584, at *1 (M.D. Pa. Jan. 11, 2022).

In Mallory, plaintiff sought leave from the Court to file a response to defendant's reply brief in further support of its motion for summary judgment so she could "clarify and supplement facts based upon the reply brief," and "present additional argument." Mallory, 2021 U.S. Dist. LEXIS 239086, at *5-6. Defendant argued that motion should be denied because its reply brief did not present any new issues for which a sur-reply may be warranted and plaintiff failed to set forth any basis for the Court to permit same other than her desire to "clarify and supplement facts." Id. The Court agreed with defendant and denied plaintiff's motion for leave to file a sur-reply, holding:

> Here, Plaintiff has failed to demonstrate any need for a sur-reply brief to respond to Defendant's Motion for Summary Judgment. The motion contains nothing more than a generalized request for "permission to clarify and supplement facts based upon the reply brief' and "to present additional argument" to the Court. **Plaintiff has not pointed to any new issues raised in Defendant's Reply Brief that require additional argument, nor has she specified which facts she needs to clarify or why there is a need to "supplement facts**." Id. at 6-7 (*emphasis added*).

## II. PLAINTIFF FAILS TO IDENTIFY ANY NEW ISSUES/ARGUMENTS RAISED FOR THE FIRST TIME IN DOLLAR TREE'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NOR HAS SHE SPECIFIED ANY FACTS WHICH REQUIRE CLARIFICATION

Plaintiff presents two arguments in support of her request to file a sur-reply brief in further support of her Opposition to Dollar Tree's Motion for Summary Judgment. First, Plaintiff argues Dollar Tree's moving brief lacked specificity regarding the case law relied upon to support its argument that Plaintiff failed to provide a medical certification signed by her son's health care provider and thus, was not entitled to FMLA. See Plf. Br. at pgs. 2-3. That is, Dollar Tree relies upon two cases in its reply brief—Carpenter v. Kaiser Permanente, No. 1:04 cv 1689, 2006 U.S. Dist. LEXIS 69564, at *1, 14 (N.D. Ohio Sep. 27, 2006) and Gulan v. FRB of Cleveland, No. 1:01 CV 1784, 2003 U.S. Dist. LEXIS 15749, at *5-6 (N.D. Ohio July 31, 2003)—to support this argument. Id. Neither case was cited in Dollar Tree's moving brief and thus, Plaintiff contends she was not afforded the opportunity to distinguish these cases in her Opposition. Id. Second, Plaintiff argues Dollar Tree attacks whether Plaintiff has identified similarly situated comparators in her opposition, which was not addressed in Dollar Tree's moving brief, and thus, the reply brief is the initial presentation of this issue. Id.

These arguments are misplaced and must be rejected for several reasons. First, in its moving brief, Dollar Tree clearly sets forth ample authority, including case

3

law, the FMLA statute itself, and its pertinent regulations, establishing that Plaintiff was not entitled to FMLA leave because she failed to provide the required medical certification. See Moving Br. at pgs. 6-11. Indeed, Dollar Tree even cites cases granting summary judgment for employers on FMLA interference claims where, as here, the FMLA leave is denied for failure to provide the required medical certification. Id. at pgs. 7-8 (citing Dittle v. United States Postal Serv., No. 04- 146 (PAM/RLE), 2005 U.S. Dist. LEXIS 1487, at *25 (D. Minn. Feb. 2, 2005); Curry v. Neumann, 13 Fla. L. Weekly Fed. D 344 (U.S. S.D. Fla. 2000)). Plaintiff had ample opportunity to address this case law in her Opposition and attempt to distinguish same, but failed to do so. This failure is not a sufficient basis under Mallory for the Court to permit her leave to file a sur-reply brief.

Second, Dollar Tree relied upon the Carpenter and Gulan opinions in its Reply Brief to refute specific arguments **raised by Plaintiff** in her Opposition. In her Opposition, Plaintiff essentially argues that she completed and provided the required certification, but it was deficient because it was not signed by a physician, and Dollar Tree failed to provide her written notice of this deficiency and an opportunity to cure them. See Plf. Opp. Br. at pg. 14-16. In its Reply Brief, Dollar Tree relied upon the Carpenter case, as well as several other factually analogous cases, to support its argument that Plaintiff did not provide an incomplete or insufficient certification as

she contends, but rather, failed to provide a certification from a health care provider altogether. See Reply Brief at pgs. 3-4.

Likewise, in her Opposition, Plaintiff argues that she made a good effort to comply with the certification requirements by providing documentation from Tri-Valley regarding her son's lack of care and autism diagnosis from 12 years prior. See Plf. Opp. Br. at pg. 16. Dollar Tree relied upon the Gulan case in its Reply Brief predominantly to refute this argument, as Gulan demonstrates that providing such records is insufficient. Rather, Plaintiff is required to supply a certification completed and signed by a health care provider for the specific dates at issue in order to be entitled to FMLA leave. See Reply Brief at pgs. 4-6.

Moreover, Dollar Tree has made no effort to mislead the Court, as it provided the Carpenter and Gulan opinions with its Reply Brief. The Court may review the full opinions to determine whether it agrees with Dollar Tree's contention that they are factually analogous and support a finding of summary judgment in its favor.

Similarly, as to the comparators, in her Opposition, Plaintiff argues that she can demonstrate pretext because Dollar Tree approved FMLA leaves for four (4) employees/comparators beyond the thirty (30) day conditional approval who failed to provide a completed certification. See Plf. Opp. Br. at pgs. 28-29. In its Reply Brief, Dollar Tree simply responds to this argument by demonstrating that the spreadsheet documenting employee leaves upon which Plaintiff relies (Plaintiff's

5

Exhibit 7) does not support this argument. See Reply Brief at pgs. 15-16. As set forth fully in Dollar Tree's Reply Brief, an accurate reading of the spreadsheet demonstrates that only two (2) of the thirty nine (39) employees on the spreadsheet had their FMLA leave approved for approximately sixty (60) days and then denied for failure to provide the required Certification. Id. Thus, the spreadsheet demonstrates that Dollar Tree is consistent and overwhelmingly treats its employees like Plaintiff and denies their requests for FMLA leave for failure to provide the required Certification. Id. In short, the initial presentation of this issue was in Plaintiff's Opposition and Dollar Tree simply refuted the argument it in its Reply Brief.

In short, like Mallory, Plaintiff has failed to identify any new legal or factual issues raised, for the first time, in Dollar Tree's Reply Brief requiring additional argument in a sur-reply brief. Mallory, 2021 U.S. Dist. LEXIS 239086, at *5-7. In short, Plaintiff has presented no basis for the Court to permit a sur-reply brief.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File a Sur-Reply in further support of her Opposition to Defendant's Motion for Summary Judgment should be denied.

                                                **BROWN & CONNERY, LLP**

                                                *Attorneys for Defendants*

Dated: December 4, 2023                      By: *s/Kathleen E. Dohn*
                                                                      Kathleen E. Dohn, Esq.
                                                                      Therese M. Taraschi, Esq.