IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER FENTON** *Plaintiff,* vs. **DOLLAR TREE STORES, INC.,** d/b/a **DOLLAR TREE** *Defendant.* | No. 3:22-cv-00002-MEM CIVIL ACTION |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF

Plaintiff, by and through her undersigned counsel, files this Sur-Reply in further Opposition to Defendant's Motion for Summary Judgment. For the reasons set forth in Plaintiff's Statement of Facts, Response to Defendant's Motion and this Sur-Reply Brief, Defendant's Motion should be denied in its entirety.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

/s/ Samantha Pankey Martin
W. Charles Sipio, Esq.
Samantha Pankey Martin, Esq.
3331 Street Road, Suite 128
Two Greenwood Square
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Date: December 20, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER FENTON<br><br>*Plaintiff,*<br><br>vs.<br><br>DOLLAR TREE STORES, INC.,<br>d/b/a<br>DOLLAR TREE<br><br>*Defendant.* | No. 3:22-cv-00002-MEM<br><br>CIVIL ACTION |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HER SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendant's reply brief improperly asks this Court to completely disregard the core disputed material facts, ignore critical documents, make credibility determinations, weigh the evidence, and ultimately usurp the role of the jury as factfinders. This request is not only inappropriate, but it turns the summary judgment standard upside down.

As much as Defendant tries to persuade this Court that there are no factual disputes in this case, the record makes clear that there are specific and material factual disputes surrounding the circumstances of Ms. Fenton's termination. This warrants denial of the motion. For example, Defendant absurdly claims Ms. Fenton was not eligible for FMLA because Defendant did not maintain that the medical certification was incomplete or insufficient, and therefore she cannot make out a case

2

of FMLA interference or retaliation. But the record, when viewed in the light most favorable to Ms. Fenton, establishes that she submitted a medical certification, but Defendant completely and utterly failed to notify her that it was incomplete or insufficient. Yet Defendant attempts to avoid liability because of its failure to comply with the FMLA. This dispute is perhaps obvious and material as Defendant's motion is meritless. Consequently, it must be denied.

### A. Defendant Failed to Notify Plaintiff of Her Incomplete or Insufficient Certification in Writing

In its Reply Brief, Defendant asks this Honorable Court to overlook its own failures by feebly attempting to place the blame on Ms. Fenton for the same. In doing so, it relies upon unreported cases in a nonbinding jurisdiction. *See Carpenter v. Kaiser Permanente*, 1:04 cv 1689, 2006 U.S. Dist. LEXIS 69564, at *26-42 (N.D. Ohio Sept. 27, 2006); *see also Gulan v. FRB of Clevland*, 1:01 cv 1784, 2003 U.S. Dist. LEXIS 15749, at *5-6 (N.D. Ohio July 31, 2003). Notwithstanding the fact that *Carpenter and Gulan* are **not binding** on this Court, the facts of both cases are distinguishable. *See id.*

In *Carpenter*, the plaintiff submitted medical paperwork from his doctor to his employer, the defendant, supporting a medical diagnosis. 2006 U.S. Dist. LEXIS 69564, at *15-16. However, plaintiff there failed to submit any type of medical certification. *Id.* The *Carpenter* plaintiff further alleged that the medical certification was optional which was the reason he did not submit a medical certification, despite

3

the plain language of the FMLA. *Id.* at *16. The court in that case held that plaintiff's contention that submitting the medical certification was optional "is unfounded," thereby granting defendant's motion for summary judgment as to plaintiff's claim for FMLA interference. *Id.* (*citing* 29 C.F.R. §§ 825.11(b), 825.312(b) ("If the employee never produces the certification, the leave is not FMLA leave")). Because plaintiff failed to provide any type of certification, he was not eligible for FMLA leave. *Id.*

*Gulan* is similarly inapposite. *See*, 2003 U.S. Dist. LEXIS 15749, at *5-6. The *Gulan* plaintiff argued that (1) she never received notification of submitting a medical certification; and (2) defendant did not advise her of the consequences for failing to provide the medical certification. *Id.* at *13. The court there found, however, that the summary judgment record supported Defendant's argument that it gave her notice that she was required to submit a medical certification. *Id.* Again, plaintiff in that case failed to provide any evidence that she provided defendant with a certification **at all**. *Id.* at *14 (emphasis added).

Here, Defendant admits that Plaintiff **did in fact submit a medical certification** to Defendant's third-party leave provider, Sedgwick, albeit without a healthcare provider's signature. *See* Def. SOMF at ¶ 7. Further, the evidence when viewed in the light most favorable to Ms. Fenton also establishes that she provided Sedgwick with a medical certification. See Pl.'s Opp. Brief at Ex. 8. Defendant

thereafter failed to advise her **in writing** that her medical certification was not signed by a healthcare provider, thereby rendering her medical certification incomplete or insufficient. Ex. 17.

Defendant's contention that because the medical certification was not filled out by a health care provider Ms. Fenton did not submit a medical certification defies logic. The burden is on the **employer**, after receiving any type of medical certification submitted to then inform the employee **in writing** that said medical certification is incomplete or insufficient with at least seven days to cure the deficiency.[1] 29 C.F.R. 825(c) (emphasis added); *see also Hansler v. Lehigh Valley Health Network*, 798 F.3d 149, 153 (3d Cir. 2015). Indeed, the Third Circuit has held, "when a certification submitted by an employee is 'vague, ambiguous, or non-responsive' (or 'incomplete,' for that matter) as to **any** of the categories of information required under 29 U.S.C. § 2613(b), the employer 'shall advise [the] employee . . . what additional information is necessary to make the certification complete and sufficient' and 'must provide the employee with seven calendar days . . . to cure any such deficiency.'" *Hansler*, 798 F.3d at 155 (*citing* 29 C.F.R. § 825.305(c)) (emphasis added). The plain and mandatory language of the statute and regulations requires no less. *Id.* at 155-56.

---

[1] Defendant further attempts to avoid liability alleging Sedgwick's representative orally instructed Plaintiff that her certification was incomplete or insufficient. However, the plain language of the statute requires the notification in writing. 29 C.F.R. 825(c).

5

### B. Defendant Failed to Cite to Any Record Evidence Regarding Comparators

In its Reply Brief, Defendant falsely alleges that Plaintiff has failed to establish pretext through comparator evidence. In support of its contention, Defendant makes five (5) representations regarding comparators, yet utterly fails to cite to **any record evidence** to support its representations. Def. Reply Br. At 15. For this reason alone, Defendant's representations should be disregarded.

Assuming *arguendo* the Court does take into consideration such representations, Defendant entirely misunderstands Plaintiff's argument regarding such comparators. Specifically, Ms. Fenton argues that Defendant **selectively enforced** its medical certification requirements against her. Pl.'s Opp. Br. at 28, 31. Ms. Fenton is **not** alleging that these individuals are similarly situated, did not engage in protected activity, and were treated more favorably than she was.

Moreover, in making the aforesaid representations, Defendant argues that the Court should disregard the facts in the light most favorable to Ms. Fenton. Instead, Defendant argues that the Court should simply accept its alleged version of events despite solely citing its own witness depositions and completely ignoring Ms. Fenton's testimony. This type of defense has been repeatedly considered and rejected by courts throughout the Third Circuit. *See Graham v. F.B. Leopold Co.*, 779 F.2d 170, 173 (3d Cir. 1985) (plaintiff's deposition testimony suffices to create a genuine factual dispute); *see also United States v. Stein*, 881 F.3d 853, 858 (11th

6

Cir. 2018) (*en banc*) ("[E]ven in the absence of collaborative evidence, a plaintiff's own testimony may be sufficient to withstand summary judgment."); *McIntyre v. Liciardello*, No. 13-2773, 2020 U.S. Dist. LEXIS 21137, at *31 (E.D. Pa. Feb. 7, 2020); *Noble v. City of Camden*, 112 F. Supp. 3d 208, 228 (D.N.J. 2015) (contrasting accounts of what happened presents factual issues which warrant denial of summary judgment); *Elliott v. EQT Corp.*, No. 2:16-cv-00145, 2019 U.S. Dist. LEXIS 204701, at *45 (W.D. Pa. Nov. 26, 2019) (factual disputes — many of which necessarily require a credibility determination — render summary judgment improper). *See*, *e.g.*, *Simmons v. Simpson House, Inc.*, 259 F. Supp. 3d 200, 205 (E.D. Pa. 2017) (stating that a court is prohibited from making "credibility determinations or weigh[ing] the evidence in considering motions for summary judgment") (*citing Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002)). This is inappropriate at best, but also reveals that Defendant knows that there are genuine and material factual disputes.

### C. Conclusion

Accordingly, for the reasons set forth above, and those in Ms. Fenton's opening brief, Defendant's Motion should be denied in its entirety.

        Respectfully Submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

        <u>*/s/ Samantha Pankey Martin*</u>
        W. Charles Sipio, Esq.
        Samantha Pankey Martin, Esq.
        3331 Street Road, Suite 128
        Two Greenwood Square
        Bensalem, PA 19020
        (215) 639-0801
        *Attorneys for Plaintiff*

Date: December 20, 2023